STATE EX REL. HASHFIELD *v.* MONROE
CIRCUIT COURT, HILL, JUDGE.

[No. 1067S111.  Filed February 28, 1968.  Rehearing denied
April 9, 1968.]

*Forrest Bowman, Jr.,* and *Ferdinand Samper,* of Indianapolis, for relator.

*John J. Dillon,* Attorney General, for respondents.

PER CURIAM.—Petitioner filed a writ of mandate with this court naming the Circuit Court of Monroe County, Indiana and Nat U. Hill, Judge thereof, as respondents. Petitioner alleged that he had been convicted by a jury in the Circuit Court of Monroe County, Indiana, of murder in the first degree; that the jury had returned a verdict of murder in the first degree and fixed the penalty that the petitioner should suffer death. Thereafter, the motion for a new trial was subsequently overruled and an appeal of his conviction to the Supreme Court of Indiana was prosecuted, and this court affirmed the conviction of the petitioner, denying his motion

for a rehearing thereon. There was no date fixed for the execution of the judgment of death until August 1, 1967. On the same day the respondent herein made its order appointing the day of December 4, 1967, as the day of execution of the judgment of death and ordering the execution of the judgment on said date.

The said order was entered in the absence of the petitioner herein and his counsel. On September 15, 1967, the petitioner by his counsel filed, in the Circuit Court of Monroe County, Indiana, his written motion to set aside the execution date complaining that the said order was entered in the absence of defendant and his counsel. On October 6, 1967, the respondent herein made its entry overruling the defendant's motion, and appointing December 4, 1967, as the date of execution as hereinabove set forth. This court, on November 9, 1967, issued an order staying execution until further order of this court.

The case of *Schwab* v. *Berggren*, (1892), 143 U. S. 442 is directly in point. In the case of *Ex parte Kramer*, (1942), 122 Pac. 2d 862, 865, the *Schwab* v. *Berggren* case, *supra*, was cited. The facts in that case were almost the same as the case at bar. The court held that where a stay of execution was ordered when defendant had been sentenced to death for first degree murder, and had thereafter applied to the Federal Court for a writ of habeas corpus and after the affirmance of the order of such court denying the petition, the State Trial Court properly caused another warrant of execution to be drawn and signed by the trial judge, attested by the clerk of the trial court and delivered to the warden of the state prison. The defendant was not denied "due process of law" or "equal protection of law" because the warrant of execution had been drawn, signed and attested without notice to him and without his being present.

When this court affirmed the conviction of the petitioner herein and on the date of the denial of the rehearing, on the 8th day of December, 1965, reviewed the proceedings in the trial court and affirmed the final judgment without rendering

a new one, "due process of law" does not require the petitioner's presence in the court.

The petition is, therefore, denied and the matter remanded to the Circuit Court of Monroe County, Indiana and Nat U. Hill, Judge thereof, to fix the day of execution of the judgment of death and ordering the execution of the judgment on said date.

NOTE.—Reported in 234 N. E. 2d 268.